Palmer *v.* Sinnickson.

JAMES LEMUEL PALMER et al.

*v.*

SENNECA SINNICKSON et al.

[Filed May 5th, 1900.]

1. A lunatic must sue by guardian who has been appointed by the order of some competent court, and a bill which avers the lunacy of a complainant, and that she sues by her next friend, without any averment of appointment, &c., is demurrable.

2. A bill to quiet title cannot be filed by persons who claim an interest in lands, but who are not in possession of any of them, either under the statute of 1870 (*Gen. Stat. p. 3486*) or under the general equity powers of this court.

3. Equity will not entertain a suit in which no equitable question is presented, which seeks a decree that the complainant's legal title to lands is good, and that the defendant's legal title is bad. Such questions must be determined by a suit at law.

On demurrer to bill to quiet title, &c.

The complainants are the grandchildren of James B. Sinnickson, deceased, who was devisee under the will of Jane Sinnickson, by the following devise:

"I give and bequeath all the residue of my estate after the payment of debts, both real and personal, to my nephew, James B. Sinnickson, and in case he shall die without children, my will then is that both my real and personal estate be divided equally among his surviving brothers and sisters."

Jane Sinnickson died in 1823, and, under the above devise, James B. Sinnickson received an undivided third part of a farm

in Lower Penn's Neck, in Salem county.  He afterwards acquired the other undivided two-thirds in fee.  In 1862 he conveyed the entirety of the farm to one Benjamin Lloyd, with covenant of general warranty.  To protect the purchaser from the contingency of James dying without children, a part of the purchase-money was secured to be paid by a bond and mortgage upon a farm in Delaware.  The condition recited was—

"The condition of this obligation is such that if the above-bounden Matthias Jerman, his heirs, executors, administrators or any of them, shall and do well and truly pay or cause to be paid unto the said James B. Sinnickson, his children, or Benjamin Lloyd, of Salem, New Jersey, the just sum of four thousand dollars with lawful interest on the same, the interest to be paid annually to the said James B. Sinnickson, from this date, so long as he shall live, and in six months after the decease of the said James Sinnickson, the principal shall be paid to the children of the said James B. Sinnickson, provided they make a deed of sufficient title to Benjamin Lloyd, of the city of Salem, New Jersey, his heirs or assigns, for the one-third of a certain farm conveyed to the said Lloyd by the said James B. Sinnickson, Feby. 27, 1862, the said one-third part was willed to the said Sinnickson by Jane Sinnickson (see book C, Surrogate's office, Salem, N. J., folio 105), but if the said James B. Sinnickson shall die leaving no children, then this bond and the accompanying mortgage shall become due and payable to the said Benjamin Lloyd, his heirs or assigns."

By various conveyances, Hannah L. Steward has now come to be the owner of the farm.

In 1898, James B. Sinnickson died, leaving him surviving his grandchildren, the complainants, who claim to own the undivided one-third of the farm devised in Jane Sinnickson's will, and profess themselves willing to convey it to Hannah L. Steward, and have notified the Smyrna Bank, the owner of the Delaware mortgaged lands, of James' death, and their willingness to convey and receive payment of the mortgage-money, interest on which has been paid up to 1898.  The bank was willing to pay the mortgage-money, provided the payment could be safely made, in view of the fact that the defendants (who are the surviving sister and brother of James B. Sinnickson, and who claim to own the undivided one-third of the farm, under the second limitation over in Jane Sinnickson's will) have notified the bank not to pay the mortgage-money to the complainants.

Palmer v. Sinnickson.

The complainants' bill alleges that the defendants dispute their title to the undivided one-third of the farm, and claim to own the same; that no suit is pending to test the validity of their claim, which the complainants assert is without foundation and vexatious, and an injury to the complainants, as it prevents them from giving a satisfactory deed to Hannah L. Steward, and from collecting the mortgage-money from the Smyrna bank. The bill prays that the defendants may set forth their title to the one-third of the farm, and whence derived, and that this court may by decree settle the rights of all the parties to this suit by decreeing that the complainants have a perfect title thereto, and that the defendants have none.

One of the complainants, Sarah D. Palmer, is stated in the bill to be a lunatic, and to sue by her next friend, James Lemuel Palmer. There is no recital of any adjudication that the complainant is a lunatic, nor is any order appointing James Lemuel Palmer her next friend or guardian referred to in the bill.

The defendants demur to the whole bill, and allege as causes of demurrer:

*First.* That the lunatic complainant prosecutes by her next friend and not by guardian.

*Second.* That the bill shows that the complainants have no interest in the farm, as it avers that Hannah L. Steward has now by various conveyances become the owner of it.

*Third.* That the bill lacks equity in that it does not allege that the complainants are in the peaceable possession of the lands in question, or any part thereof.

*Mr. Israel B. Grant* and *Mr. William J. Backes,* for the demurrants.

*Mr. William T. Hilliard,* for the complainants.

GREY, V. C.

This case has been so fully presented that I can dispose of it as effectually now as at any other time.

The first cause of demurrer is that there is a lunatic com-

Palmer v. Sinnickson.

plainant who prosecutes by her next friend, and not by her guardian. *Norcom* v. *Rogers, 1 C. E. Gr. 484,* and *Dorsheimer* v. *Roorback, 3 C. E. Gr. 438,* are cited as sustaining the objection. In the first of these cases a declared lunatic filed a bill in his own name against his guardian, to which a demurrer was filed. Chancellor Green held that a lunatic sues only by his committee or guardian, or by the attorney-general or next friend where the interests of the guardian clash with those of the lunatic. That the objection, if it appeared on the face of the bill, could be raised by demurrer or by motion to take the bill from the files. In that case the demurrer was withdrawn and the bill was ordered to be taken from the files. In *Dorsheimer* v. *Roorback* the bill was filed in the name of an idiot by his next friend, but without his having been appointed guardian upon inquisition found, and without any order authorizing him to file the bill as the lunatic's next friend. Chancellor Zabriskie declared that a lunatic must sue by guardian appointed, either on inquisition found or specially appointed, and ordered the bill to be removed from the files.

In the case under consideration one of the complainants is stated to be a lunatic, who sues by her next friend, but there is no averment that the party who thus seeks to act for the lunatic has been in any way appointed her guardian or that he has been admitted by any order of the court to appear as her next friend. In the absence of such a recital it cannot be assumed that such an authority has been conferred. The face of the bill, therefore, shows that one of the plaintiffs cannot maintain the suit. This may be taken advantage of by demurrer and is fatal to the whole bill. *Story Eq. Pl. § 505 note 3.*

The real question, however, which is the essential matter argued between the parties is presented by the second and third causes of demurrer. These deny the complainants' equity because the bill alleges that another person, not a party to the suit, is the owner of the premises, to quiet the title to which the complainants claim the right to have a decree and because the bill makes no statement that the complainants are in the peaceable possession of the lands.

The complainants claim to occupy a position which entitles them to file a bill under the provisions of the act of 1870 (*Gen. Stat. p. 3486*), to quiet title, in accordance with the mode of procedure prescribed in that act, or if not under that act, then under the general equity powers of this court.

Taking up the claim that the complainants have a *status* to file this bill under the act of 1870, I think it is very clear that they have not. The statute prescribes the class of persons who may file bills to compel the determination of claims and to quiet titles. It is declared in the very first line of the act "that when any person is in peaceable possession of lands in this state claiming to own the same," &c., he may bring a suit in chancery to settle the title of the said lands. The complainants' bill in this case contains no allegation whatever that they are in the peaceable possession of the land. The showing of an actual peaceable possession is an absolutely essential requirement, recognized by a line of cases beginning with *Powell* v. *Mayo, 9 C. E. Gr. 178*, and coming down to *Oberon Land Co.* v. *Dunn, 11 Dick. Ch. Rep. 749*, which makes it entirely clear that, in order to give this court jurisdiction at all under the statute of 1870, the complainants must be in the peaceable occupation of the land under a claim of ownership.

The bill not only fails to allege any possession in the complainants, but it substantially intimates that another person— Mrs. Steward, who is not made a party—is in the actual possession of the premises, claiming to own the same. The bill cannot be maintained under the act of 1870.

The complainants say, however, that they have a *status* to invoke the aid of a court of equity for the relief they seek, irrespective of the express provisions of the statute, because they say that it is only by such a bill that they can have the relief which they claim, namely, a recovery of the one-third interest in the farm, which they insist they are entitled to have as devisees of the first limitation over under Jane Sinnickson's will, or a recovery of the $4,000 conditioned to be paid in the Jerman mortgage on the Delaware farm, now held by the Smyrna Bank. They contend that they, although *grandchildren* of James B.

Sinnickson, are yet, by the true construction of Jane's will, his *children*, entitled to take what they claim is the first limitation over under her will.

The complainants have a right to present their claim by a proper suit and to have it determined, but it does not follow that their present suit is, for that reason, justified.

Since the passage of the statute prescribing the circumstances under which bills to quiet title may be filed, it may be questioned whether a bill seeking the same relief, but which does not show compliance with the statutory requirements, ought to be entertained. But irrespective of this point, the general equity jurisdiction, independent of the statute, can only be invoked by a plaintiff in possession of the land holding the legal title, and even by him, only under special circumstances of vexatious or multiplied litigations, justifying the action of a court of equity. *Pom. Eq. Jur.* § *1396.*

Equity will not, where no equitable question is presented, entertain a suit to declare, as is asked in this bill, that the complainants' title is good, and that the defendants' claim is bad. The determination of the sufficiency of purely legal titles to land disassociated from questions of trusts or other matters of an equitable nature, must be invoked in the courts of law. *Hart* v. *Leonard, 15 Stew. Eq. 419; Torrey* v. *Torrey, 10 Dick. Ch. Rep. 414; Fahy* v. *Fahy* (*March 14th, 1899*), *13 Dick. Ch. Rep. 210.*

If Mrs. Steward is in actual and peaceable possession of the farm, claiming to own it, and should file a bill to quiet title making the complainants herein, who claim under the first limitation over in Jane Sinnickson's will, and the defendants herein, who claim under the second limitation over in that will, parties defendant to such a bill, the case would bear a very different aspect.

The complainants' counsel insists that they must file this bill in order to have determined their title, so that they may claim the mortgage-money from the bank. This is no ground upon which equitable jurisdiction can be based. The complainants assert a legal title in themselves by the construction which they

put upon the first limitation over in Jane Sinnickson's will. There is nothing to prevent them from bringing an ejectment against the person in possession. They must recover, if at all, upon the strength of their own title and not on the weakness of the defendants, and if they show themselves entitled to it they may recover and tender a deed and thereafter sue the bank, averring performance of the conditions of the bond. Or they may, if they choose, tender performance of the conditions required by the bond before establishing their title and sue the bank for the money secured by the mortgage, and in that suit present the question whether they are within a class to whom the first limitation over is devised.

In this matter it is neither necessary nor proper that the will of Jane Sinnickson should be construed, nor that a mode of successful procedure to assert rights claimed under that will should be indicated. It is enough to ascertain that the present suit invites a court of equity to consider and determine between two opposing sets of devisees, both of whom are out of possession, a contest as to the legal title to lands, disconnected from any equitable question whatever. Such a bill cannot be entertained.

For the reasons above stated a decree will be advised sustaining the demurrer, with costs to the demurrants.